UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Lanson Development Company, LLC,
a Michigan Limited Liability Company,
d/b/a Dorchester Apartments,

    Plaintiff,

v.	Case No. 09-13956

City of Dearborn,	Honorable Sean F. Cox

    Defendant.

_____/

**OPINION & ORDER DENYING
JOINT MOTION FOR CERTIFICATION OF SETTLEMENT CLASS
WITHOUT PREJUDICE AND SETTING STATUS CONFERENCE**

This matter is currently before the Court on the "Parties' Joint Motion for Certification Of Settlement Class And Preliminary Approval Of Settlement And Class Notice." (Docket Entry No. 18). The Court finds that the issues have been adequately presented in the parties' briefs and that oral argument would not significantly aid the decisional process. *See* Local Rule 7.1(f)(2), U.S. District Court, Eastern District of Michigan. The Court therefore orders that the motion will be decided upon the briefs. For the reasons that follow, the motion shall be DENIED WITHOUT PREJUDICE.

BACKGROUND

In *Village Center Assoc. v. City of Detroit*, Case No. 07-12963, owners of multi-unit residential buildings brought a class action suit against the City of Detroit alleging that they were improperly assessed an Industrial Waste Control ("IWC") charge in violation of Michigan and

1

Federal Equal Protection clauses and Detroit's municipal code. More specifically, the residential building owners alleged that it was a "constitutionally improper classification" to apply an IWC charge to those who owned residential buildings with five or more units, while not collecting the IWC charge from those who owned residential buildings with four or less units, where, allegedly, neither group generated industrial waste and/or the cost of controlling industrial waste was the same among the two groups when measured on a per-unit basis. *Village Center* was assigned to the Honorable John Feikens. *Village Center* ultimately settled.

This action is another putative class action that seeks to recover allegedly improper IWC charges from a municipality. Plaintiffs filed this action against the City of Dearborn seeking to recover allegedly improper IWC charges that were charged to the following class of persons:

> All entities or individuals owning, or acting for owners of, buildings, apartment buildings, housing cooperatives and condominiums *with multiple units* and utilized for residential purposes whom and which have been charged an industrial waste control charge by the City of Dearborn for the time period of six years prior to filing the instant complaint through the date of final judgment, or such longer amount of time as may be allowed by law.

(Compl. at ¶ 15) (emphasis added). Like the Plaintiffs in *Village Center*, the Plaintiffs in this action assert an equal protection claim, asserting that the municipal defendant did not assess single family homes a IWC charge, but did assess a IWC charge to multiple-unit dwellings, and there is no rational basis for this differential treatment.

On October 29, 2010, Plaintiffs and the City of Dearborn filed this "Joint Motion for Certification of Settlement Class and Preliminary Approval of Settlement and Class Notice." (Docket Entry No. 18).

## ANALYSIS

Upon review of the motion, the Court believes that there is a fundamental problem with the settlement class that the parties ask this Court to certify. Although the proposed class in the complaint does *not* include such language, the proposed settlement class that the parties ask this Court to certify includes the following additional language shown in italics below:

> All entities or individuals owning, or with the authority to act for owners of buildings, condominiums, apartment buildings or housing cooperatives with multiple units *and/or single family residential homes* utilized for residential purposes which or whom have been charged an [IWC] charge on sewage bills by the City of Dearborn from January 1, 2003 through October 26, 2010.

(Docket Entry No. 18 at 3) (emphasis added). This language is problematic because the very crux of Plaintiffs' equal protection claim is that multiple-unit dwellings were treated *differently* than single-family homes for no rational reason. Plaintiffs allege that multiple-unit dwellings were assessed an IWC charge and that single family homes were *not* assessed an IWC charge. (*See* Compl. at ¶ 40 "[s]ingle family dwelling are granted an immunity for paying an IWCC while multiple dwellings are arbitrarily denied such a benefit."). If, as Plaintiffs allege, single family homes were not assessed an IWC charge, then single family homes do not have an equal protection claim and the Court does not see any reason to include single family homes in the class definition.[1]

FED. R. CIV. P. 23(a) sets forth four prerequisites for class certification: 1) numerousity; 2) commonality; 3) typicality; and 4) adequacy of representation. The Court concludes that, with the "and/or single family residential homes" language in the class definition, those prerequisites do not appear to be satisfied here.

---

[1] If, on the other hand, single family homes were assessed an IWC charge, then Plaintiffs do not appear to have an equal protection claim against Defendant.

3

The problem with the class definition, as discussed above, creates a problem as to typicality. *Romberio v. Unumprovident Corp.*, 385 Fed.Appx. 423, 431 (6th Cir. 2009). "'The premise of the typicality requirement is simply stated: as goes the claim of the named plaintiff, so go the claims of the class." *Id*. (Citing *Sprague v. General Motors Corp.*, 133 F.3d 388, 399 (1998). "There must be some connection, in other words, between the merits of each individual claim and the conduct affecting the class. Absent such a connection, there is no basis upon which to fashion class-wide relief. Where a class definition encompasses many individuals who have no claim at all to the relief requested," the "typicality premise is lacking, for – under those circumstances – it cannot be said that a class member who proves his own claim would necessarily prove the claim of other class members." *Roberio*, 385 Fed.Appx. at 423. If, as Plaintiffs allege, single family homes were not assessed an IWC charge, then the class definition appears to encompass individuals who have no equal protection claim at all.

In addition, the Court is currently unable to determine if the numerosity requirement is satisfied. While the parties' motion states that there are "62 meters that were attached to properties charged the IWC," they do not identify how many potential plaintiffs that 62-meter figure translates to. Moreover, the parties have not specifically identified any single family homes that were charged an IWC charge on sewerage bills by the City of Dearborn from January 1, 2003 through October 26, 2010.

## CONCLUSION & ORDER

For the reasons set forth above, the Court concludes that, with the "and/or single family residential homes" language in the class definition, the prerequisites of FED. R. CIV. P. 23(a) are not met. IT IS HEREBY ORDERED that the "Parties' Joint Motion for Certification Of

4

Settlement Class And Preliminary Approval Of Settlement And Class Notice" (Docket Entry No. 18) is DENIED WITHOUT PREJUDICE.

    IT IS FURTHER ORDERED that the parties are to appear for a Status Conference in this matter on **May 5, 2011 at 3:30 p.m.**

    IT IS SO ORDERED.

                                    S/Sean F. Cox  
                                    Sean F. Cox  
                                    United States District Judge

Dated:  April 25, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 25, 2011, by electronic and/or ordinary mail.

                              S/Jennifer Hernandez  
                              Case Manager